United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
William A. Simmons  
　　　Debtor

Case No. 18-15517-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2　　User: Keith　　Page 1 of 1　　Date Rcvd: Nov 20, 2019  
　　　　　　　　　　　　Form ID: pdf900　　Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2019.  
db　　　　William A. Simmons,　774 Saint Davids Avenue,　Warminster, PA   18974-2564

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

　　　　***** BYPASSED RECIPIENTS *****  
NONE.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2019　　　　　　　　　　　　　　　　　Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 20, 2019 at the address(es) listed below:  
　　　CAROL B. MCCULLOUGH    on behalf of Debtor William A. Simmons mcculloughheisenberg@gmail.com,  
　　　　cbmccullough64@gmail.com  
　　　JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,  
　　　　ecfemails@ph13trustee.com  
　　　KEVIN G. MCDONALD    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com  
　　　KEVIN G. MCDONALD    on behalf of Creditor    Bayview Loan Servicing, LLC bkgroup@kmllawgroup.com  
　　　REBECCA ANN SOLARZ    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com  
　　　United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
　　　WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com  
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William A. Simmons<br>    Debtor | CHAPTER 13 |
| BAYVIEW LOAN SERVICING, LLC<br>    Movant<br>vs.<br>William A. Simmons<br>    Debtor<br>Tanya M. Simmons<br>    Co-Debtor<br>William C. Miller Esq.<br>    Trustee | NO. 18-15517 AMC<br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,790.06**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | July 1, 2019 to August 1, 2019 at $1,809.06/month<br>September 1, 2019 to October 1, 2019 at $1,753.22/month |
| Suspense Balance: | $1,334.50 |
| **Total Post-Petition Arrears** | **$5,790.06** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). If Debtor(s) is denied a trial or permanent loan modification, beginning on November 1, 2019 and continuing through April 1, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,753.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$965.01** towards the arrearages on or before the last day of each month at the address below;

> Bayview Loan Servicing, LLC
> Attn: Cashiering Department
> Ponce de Leon Blvd, 5th Floor
> Coral Gables, FL 33146

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 22, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 11/14/2019

Carol B. McCullough, Esquire
Attorney for Debtors

Date: 11-15-19

JACK William C. Miller, Esquire
Chapter 13 Trustee

No objection

Approved by the Court this 20th day of November, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan